UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:13-cr-10063-SLD-2 |
| | ) |
| NICHOLAS HAND, | ) |
| | ) |
| Defendant. | ) |

ORDER

Before the Court are Defendant Nicholas Hand's pro se motion for compassionate release, ECF No. 350; pro se Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release), ECF No. 352; counseled Motion for Compassionate Release, ECF No. 368; and Motion for Leave to File Under Seal, ECF No. 378; and the United States' Motion to Place Exhibit Under Seal, ECF No. 370. For the reasons that follow, the motions for compassionate release are DENIED, and the motions for leave to file under seal are GRANTED.

BACKGROUND

On July 14, 2015, Defendant was sentenced to time served and four years of supervised release for conspiracy to manufacture methamphetamine. Judgment 1–3, ECF No. 161. On October 9, 2019, the Court revoked Defendant's supervised release because he committed new law offenses—possession and use of methamphetamine and aggravated battery—and sentenced him to 18 months of imprisonment, to be served consecutive to the sentence imposed in a state case. Revocation Judgment 1–2, ECF No. 311. Defendant is currently serving his sentence at Federal Correctional Institution Pekin in Pekin, Illinois and is scheduled to be released June 18, 2021. *See* Find an inmate, Fed. Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc/

1

(search for Nicholas Hand) (last visited Feb. 1, 2021).  Defendant filed pro se motions for an order reducing his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).[1]  The Court appointed the Federal Public Defender to represent Defendant with respect to this motion.  *See* Aug. 12, 2020 Text Order.  An amended motion was filed by counsel on September 18, 2020.  The United States opposes Defendant's request for compassionate release.  Resp., ECF No. 369.  Defendant filed a reply, ECF No. 374, and two subsequent memoranda in support of his Motion for Compassionate Release, ECF Nos. 377, 386.

## DISCUSSION

### I.     Legal Standard

"[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a final judgment" that can be modified in only certain enumerated circumstances.  18 U.S.C. § 3582(b).  As relevant here:

> [a] court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction

and that a reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  *Id.* § 3582(c)(1)(A).  "The defendant has the burden to show he is entitled to a sentence reduction."  *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020); *cf. United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal

---

[1] Though his second pro se motion was filed on the docket after the Court appointed counsel, it was mailed the same day the Court appointed counsel, *see* Envelope, ECF No. 352 at 8 (postmarked August 12, 2020), so Defendant would not have received notice of the appointment yet.  The Court will therefore not strike the motion.

and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

**II.     Analysis**

Defendant argues the following combine to create an extraordinary and compelling reason for release: his "diabetes, the BOP's failure to treat his chronic disease, and the COVID-19 pandemic." Mot. Compassionate Release 3. Defendant has type 1 diabetes and argues that the BOP has failed to adequately treat this condition, leading to Defendant being hospitalized and having other complications. *See, e.g.*, *id.* at 1–2, 8; Reply 1–6. The United States argues that Defendant has failed to establish an extraordinary and compelling reason for release and that Defendant's release is unwarranted in light of the § 3553(a) factors. Resp. 1. The United States argues that because the Centers for Disease Control and Prevention list type 1 diabetes as a condition that might increase an individual's risk for severe illness from COVID-19 (as opposed to a condition that does increase an individual's risk for severe illness), having type 1 diabetes does not constitute an extraordinary and compelling reason for release even in context of the pandemic. *Id.* at 23–24. It also argues that "[a]ll available medical records demonstrate that . . . [D]efendant is receiving routine, proactive health care and his blood sugar is being closely monitored on a daily basis." *Id.* at 24.[2]

Even if Defendant has established an extraordinary and compelling reason for release,[3] the Court would deny Defendant's request after consideration of the § 3553(a) factors. These factors include: "the nature and circumstances of the offense and the history and characteristics

---

[2] The United States concedes exhaustion, Resp. 19, so the Court need not address the exhaustion requirement. *Cf. United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) ("Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional issue that the court must reach even if the litigants elect not to raise it." (citations omitted)).

[3] The Court does not think that compassionate release is the appropriate vehicle to challenge the competency of BOP medical care. It would focus its decision on whether Defendant's medical condition puts him at risk for severe illness from COVID-19.

of the defendant," 18 U.S.C. § 3553(a)(1); "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," *id.* § 3553(a)(2)(A); "the need for the sentence imposed to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B); and "the need for the sentence imposed to protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(C).

Defendant conspired with other individuals to manufacture methamphetamine throughout Bureau County, Illinois. Revised Presentence Investigation Report ¶ 8, ECF No. 146. Defendant was the main methamphetamine cook's "right hand m[a]n," providing him with pseudoephedrine and assisting with manufacturing. *Id.* ¶ 10. Defendant also arranged for others to supply materials and occasionally acted as a lookout while the main cook manufactured methamphetamine. *Id.* The co-conspirators deposited the hazardous waste they generated from manufacturing methamphetamine on the side of the road, among other places, endangering others' lives. *See id.* ¶ 8.

Defendant's sentence of time served for this offense was "an extraordinary variance" from the mandatory minimum he would have otherwise faced. *See* Revocation Hr'g Tr. 32:4–11, ECF No. 315. This variance was based on Defendant's participation in the Pretrial Alternatives to Detention Initiative ("PADI") program. *See id.* at 32:6–7. Defendant's participation in the PADI program was premised on the notion that his criminal conduct was caused by his drug addiction. As such, to keep the public safe from future crimes, Defendant was expected to manage his drug problem. While on his four-year term of supervised release, however, Defendant continued to use methamphetamine, *see* Violation Report 2–4, ECF No. 308; Revocation Hr'g Tr. 16:22–17:2, including on the day before he was arrested for aggravated battery, Violation Report 4; Revocation Hr'g Tr. 30:1–3. The battery itself is quite concerning as

well. Defendant struck an individual, who was also shot by Defendant's father, in the head with a baseball bat. Violation Report 4. Neither Defendant's initial sentence of time served nor his four-year term of supervised release deterred him from further drug use or committing this crime.

The Court fashioned its eighteen-month sentence, which was the low end of the range provided by the policy statement, U.S. Sentencing Guidelines Manual § 7B1.4(a), to protect the public and to be a specific deterrent for Defendant. To reduce this sentence further would undermine these goals. The Court therefore denies Defendant's request for compassionate release.

## CONCLUSION

Accordingly, the Court DENIES Defendant Nicholas Hand's pro se motion for compassionate release, ECF No. 350; pro se Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release), ECF No. 352; and counseled Motion for Compassionate Release, ECF No. 368. The Court GRANTS the Motion for Leave to File Under Seal, ECF No. 378, and the Motion to Place Exhibit Under Seal, ECF No. 370, because Defendant's medical records should be sealed.

Entered this 1st day of February, 2021.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
